THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY'S APPEAL FROM THE DOINGS OF THE RAILROAD COMMISSIONERS.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In ordering the removal of a railroad grade-crossing it is within the jurisdiction of the Superior Court to require a spur track, used by the company for the delivery of freight and constituting part of its system, to be elevated and carried over the highway by means of a bridge.

It cannot be assumed, in the absence of a finding to that effect, that such a track was laid simply for the convenience of the owner of a private warehouse at which it terminates: it is to be presumed that it was constructed with due authority of law, pursuant to a location fixed by the company and approved by the railroad commissioners.

When a spur track leading to a private warehouse has been once located, constructed, and used, as a part of a railroad system, the company thus constructing it must continue to operate it, until it is legally discontinued.

There is ordinarily no definite rule for determining what portion of the expense of constructing a bridge ordered to eliminate a grade-crossing of a highway by a steam railroad, when the highway is used by a street railway, should be paid by one company and what by the other; and where the *data* for such a rule are lacking it is enough if the apportionment appears to be on the whole fair and just.

Argued October 7th—decided November 11th, 1902.

PETITION of the selectmen of the town of Plymouth to the railroad commissioners, to compel a change of grade in a highway in said town at a point where it was crossed at grade by the railroad of the appellant. The commissioners ordered

the highway to be carried under the railroad, three quarters of the expense to fall on the appellant and the rest on the town.   From this order the railroad company appealed to the Superior Court for Litchfield County where the Bristol and Plainville Tramway Company was made a party, and on a hearing had to the court (*Roraback, J.*) a judgment was rendered confirming the order for a change of grade, except that the cost to the appellant was reduced to half the total expense, the town and the tramway company each to pay a quarter.   The New York, New Haven and Hartford Railroad Company appealed to this court.   *No error.*

*William F. Henney*, for the appellant (New York, N. H. & H. R. Co.).

*Noble E. Pierce*, with whom was *Marcus H. Holcomb*, for the Bristol and Plainville Tramway Co. (respondent).

*Samuel A. Herman*, for the town of Plymouth (respondent).

BALDWIN, J.   The appellant is the successor in title to a railroad company which laid several tracks across an existing highway at grade.   One of these is a spur track, leading to a warehouse owned by private individuals, and on which the appellant also was in the habit of placing cars from which to deliver goods to other parties.   This diverges from the main tracks at a point several hundred feet distant from the highway.   The order appealed from requires the construction of two bridges under which the highway is to be carried.   One of them is solely for the support of the spur track, and will be over seventy feet distant from the other.   At the hearing in the Superior Court the appellant claimed that the expense of the change of grade asked for would be so great, that no change should be ordered, and included in its estimate of such expense the cost of the bridge for the spur track.

Such a bridge will cost about $5,000, and the appellant now claims that the court had no jurisdiction to order one, since

this track was laid simply to facilitate business with the owner of a particular warehouse.

The finding does not support this claim. It shows that the track is also used for the delivery of goods to other parties, and that it is part of the appellant's railroad system. That it was constructed without due authority of law is not to be presumed; and it could not have been legally laid on the highway except by virtue of a special franchise and pursuant to a location duly made by the appellant and approved by the railroad commissioners. *Canastota Knife Co.* v. *Newington Tramway Co.*, 69 Conn. 146, 160. Being a part, and apparently a material part, of the appellant's railroad system in the locality in question, it was bound to maintain and operate this track until it should be legally discontinued. *State* v. *Hartford & N. H. R. Co.*, 29 Conn. 538, 547. No step towards its discontinuance had been taken when the cause was heard in the Superior Court, and the appellant cannot complain that the judgment was not so framed as to provide for a possibility, which it had not suggested, of a discontinuance at some future period.

It is also assigned for error that at least half of so much of the whole expense of elevating the tracks and bridging the highway as was not assessed against the town should have been charged upon the tramway company. The petition of the town was brought at the instance of that company, and by the erection of the main bridge ordered it would be enabled to construct a contemplated extension of its road, authorized by its charter, with more convenience and less expense. No evidence was offered to show which company would derive the most benefit from the elimination of the grade-crossing, or upon which any definite rule of apportionment, as between them, could be founded; nor was any decisive light as to these matters obtained from a view of the premises taken by the court at the request of all parties. The town could not be charged with more than a quarter of the expense (General Statutes, Rev. 1902, § 3713), and this full amount was assessed against it in the judgment. Under these circumstances it was necessary and proper, if the tramway company

was to pay anything, to make such an apportionment between it and the appellant as might seem, on the whole, just and fair (General Statutes, Rev. 1902, § 3747); and there is nothing in the record to indicate that any inequitable result was reached.

There is no error.

In this opinion the other judges concurred.